UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  3:24-CR-00056 |
| | ) | |
| | ) | JUDGE HOLMES |
| KORBEIN SCHULTZ | ) | |

**UNITED STATES' MOTION FOR DETENTION HEARING
AND FOR DETENTION OF THE DEFENDANT**

Comes Now the United States of America, by Henry C. Leventis, United States Attorney, and Joshua A. Kurtzman, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant, Korbein Schultz, in this matter. Federal law holds that "[t]he judicial officer shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community . . . upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case, that involves (A) a serious risk that the person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(A) & (B).

In this case, from June 2022 until the time of his arrest yesterday, Schultz is alleged to have conspired with an individual, identified as Conspirator A in the Indictment, to disclose documents, writings, plans, maps, notes, and photographs relating to national defense, as well as information relating to national defense which Schultz had reason to believe could be used to injure the United States or used to the advantage of a foreign nation. Conspirator A recruited Schultz, who possessed a Top-Secret security clearance, and frequently tasked him to gather documents and sensitive U.S.

military information. Specifically, Conspirator A tasked Schultz with gathering information related to a variety of U.S. military weapons systems, including classified information, and information related to the United States' potential plans if Taiwan came under military attack. Some of the information that Schultz provided to Conspirator A included documents related to the High Mobility Artillery Rocket System (HIMARS), information on hypersonic equipment, studies on the future development of U.S. military forces, studies on major countries such as the People's Republic of China, and summaries of military drills and operations. In exchange for the documents and information, Conspirator A made at least fourteen payments to Schultz that totaled approximately $42,000. Throughout the entirety of the conspiracy, Conspirator A represented to Schultz that he lived in Hong Kong.

With respect to the serious risk of flight present in this case, Schultz indicated that he wished to "move to Hong Kong and work for you [Conspirator A] in person . . ." and expressed similar sentiments throughout the course of the conspiracy. Schultz also made plans to travel to meet Conspirator A while he was deployed to Estonia. In response, Conspirator A indicated that he wanted to take Schultz to an F1 racing event in Qatar in August 2023 or Abu Dhabi in November 2023, which Schultz indicated would be "awesome" and that he would "love to[]." During this conversation Schultz and Conspirator A also indicated that Schultz possessed a passport that would allow him to travel to Qatar and Abu Dhabi. Thus, it appears that Schultz has a valid passport, Conspirator A has unlimited resources to enable Schultz's flight from prosecution, and, based on the seriousness of the charges he is facing, Schultz has every incentive to flee. Also, as evidenced by the allegations in the Indictment, Schultz has significant ties and a close relationship with Conspirator A who is based in Hong Kong and, based on information and belief, has unlimited

resources to aid Schultz's flight. Were the defendant to flee to Hong Kong, it would be practically impossible to extradite him back to the United States.

There is also a serious risk that Schultz will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. Throughout the course of the conspiracy, Schultz and Conspirator A took significant steps to implement operational security measures to hide their communication and the passage of national defense information. While the United States has uncovered the use of certain encrypted messaging and payment applications, the United States believes there are additional accounts that Schultz could hide, destroy, or delete if he were not detained. For instance, just yesterday, investigators learned that Schultz and Conspirator A began to use cryptocurrency methods of payment to further conceal their criminal conduct. Likewise, numerous individuals were interviewed yesterday related to Schultz's conduct and provided information that is material to the investigation. Each of these individuals has a personal and/or professional relationship with Schultz and, based on the seriousness of the charges here, there is a high likelihood that Schultz would attempt to threaten or intimidate these individuals if released.

The Government submits that it is reasonable for the court to take testimony on these issues to determine if the Government is entitled to a detention hearing and whether Schultz should be detained. This procedure is appropriate and will provide the Court with the best evidence to determine how to proceed on the issue of detention going forward under 18 U.S.C. § 3142. *See. United States v. White,* Case No. 3:21-mj-04070 (Doc. No. 65, PageID #278) (M.D. Tenn. May 27, 2021.) ("Ultimately, the Court cannot conclude that the Government should be deprived of the opportunity to establish, at the detention hearing itself, satisfaction of one of the two required steps for obtaining the detention order it seeks. This means, in this case, that the Court will do what the

court did in, for example, *Mendoza-Balleza*: examine whether the evidence introduced at (or before) the detention hearing shows that the Government has met its burden of satisfying step one by showing by a preponderance a serious risk of flight.") (citing *United States v. Mendoza-Balleza*, 420 F.Supp. 3d 716 (E.D. Tenn. May 23, 2019).

The United States respectfully requests a continuance of three business days to adequately prepare for the hearing in this matter.

    Respectfully submitted,

    HENRY C. LEVENTIS
    United States Attorney

By:

    */s/ Joshua A. Kurtzman*
    JOSHUA A. KURTZMAN
    Assistant U.S. Attorney
    716 Church Street – Suite 3300
    Nashville, Tennessee 37203

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant via CM/ECF on March 8, 2024.

    */s/ Joshua A. Kurtzman*
    AUSA JOSHUA A. KURTZMAN

4

Case 3:24-cr-00056   Document 7   Filed 03/08/24   Page 4 of 4 PageID #: 60